# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| ROBIN MICHELLE ROBINSON, *Plaintiff,* | CASE NO. 6:14-cv-00046 |
| v. | MEMORANDUM OPINION |
| THE KROGER CO. AND KROGER LIMITED PARTNERSHIP I, *Defendants.* | JUDGE NORMAN K. MOON |

Plaintiff Robin Michelle Robinson initially filed this action in Lynchburg Circuit Court. Defendants The Kroger Company and Kroger Limited Partnership I removed the action to this Court on the basis of diversity jurisdiction. The matter is presently before the Court upon Defendants' motion for summary judgment, argued on September 22, 2015. For the following reasons, I will deny Defendants' motion.

## I. BACKGROUND

The case arises from a "slip and fall" event that occurred on September 29, 2012, at a Kroger store located at 2012 Wards Road, Lynchburg, Virginia. Ms. Robinson alleges that the Defendants "negligently allowed an unsafe condition to exist in a public traffic area for use by the public in failing to post signs and placards warning the public of any and all conditions that would pose a hazard to its customers," which caused her to fall and sustain severe injuries. Am. Compl. ¶4, 6. She seeks $350,000 in compensatory damages plus attorney's cost and fees. Am. Compl. ¶7.

Ms. Robinson entered the store and shopped in the vegetable department, fruit department, produce department, deli, and bakery. Dep. of Robin Robinson 37–41 (hereinafter "Robinson Dep."). After shopping, Ms. Robinson approached the self-checkout area so that she could check herself out and leave the store. *Id.* at 41. Ms. Robinson contends that, upon entering this area, her feet "c[ame] from underneath [her], her left side bent and [she] went down." *Id.* at 41–42. As the surveillance video shows, Ms. Robinson entered the self-checkout area parallel to the spill. After entering the area, Ms. Robinson turned perpendicular to the spill, pushed her shopping cart across the spill, and went down slowly onto one knee. All the while, Ms. Robinson was grasping the shopping cart and looking around. Defs.' Mot. Summ. J. Exs. 4J, 4K, 4L, 4M.[1] Ms. Robinson contends that she noticed nothing abnormal about the condition of the store's floor while approaching the self-checkout area. Robinson Dep. 48, 54. Ms. Robinson admits that, after her fall, she noticed a liquid substance on the floor. After examining the liquid, Ms. Robinson was able to observe details about its color and size. *Id.* at 71–72. In particular, Ms. Robinson stated that the spill "[l]ooked like the same color of the floor really," that the "[f]loor look[ed] like a beige," and that the spill was "about a puddle" in size. *Id.* at 70–71. Ms. Robinson acknowledged that nothing was hiding the liquid substance from her view, and that she was able to see it without difficulty when she stood directly above the spill. *Id.* at 73. When asked whether, "if [she] had been looking at the floor looking for this liquid, would [she] have been able to see it," Ms. Robinson responded, "I guess." *Id.*

## II. LEGAL STANDARD

Courts should grant summary judgment only if the pleadings, discovery, disclosure materials, and affidavits show that "there is no genuine dispute as to any material fact and the

---

[1] In addition to these still screen shots, the Court has reviewed in full the video footage of the self-checkout area during the event (hereafter referred to as "the Surveillance Video").

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If evidence adduced to support a material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986) (citations omitted). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party shows such an absence of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. The trial court has an "affirmative obligation" to "prevent 'factually unsupported claims [or] defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323–24).

### III. DISCUSSION

Federal courts sitting in diversity apply the substantive law of the forum state, including that state's choice of law rules. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 226 (1991) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). For tort claims brought in Virginia, the substantive law of the place where the injury occurred governs the proceeding. *See Frye v. Commonwealth*, 231 Va. 370, 376, 345 S.E.2d 267, 272 (1986). Plaintiff's injury occurred in

Virginia, so Virginia's premise liability law applies.[2] To establish actionable negligence under Virginia law, Plaintiff must show "the existence of a legal duty, a breach of that duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293, 585 S.E.2d 545, 548 (2003).

### A. DISPUTES OF MATERIAL FACT EXIST AS TO WHETHER DEFENDANTS WERE NEGLIGENT

#### 1. LEGAL DUTY

A business owes its customers a duty of ordinary care when they are on the business's premises. *See Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990) (citing *Colonial Stores v. Pulley*, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962)). This duty includes an obligation to remedy or warn of defects of which the business has knowledge or should have knowledge. *Fobbs v. Webb Bldg. Ltd. Partnership*, 232 Va. 227, 229, 349 S.E.2d 355, 357 (1986); *Appalachian Power Co. v. Sanders,* 232 Va. 189, 193–94, 349 S.E.2d 101, 104–05 (1986)*.*

This duty is, however, discharged where the defect is "open and obvious to a reasonable person exercising ordinary care for his own safety." *Fobbs*, 232 Va. at 229; *Sanders,* 232 Va. at 193–94. The Supreme Court of Virginia has held repeatedly that "where a defect is open and obvious to persons . . . it is their duty to observe the defect." *Town of Virginia Beach v. Starr,* 194 Va. 34, 36, 72 S.E.2d 239, 240 (1952) (citing *South Norfolk v. Dail*, 187 Va. 495, 47 S.E.2d 405 (1948)). More specifically, a business need not warn of unsafe conditions where the dangerous condition is open and obvious and "patent to a reasonable person exercising ordinary care for his [or her] own safety." *Tate v. Rice*, 227 Va. 341, 345–46, 315 S.E.2d 385, 388

---

[2] Although Virginia law applies to the substance of Plaintiff's claim for personal injury, "whether there is sufficient evidence to create a jury issue of those essential substantive elements of the action, as defined by state law, is controlled by federal rules." *Fitzgerald v. Manning*, 679 F.2d 341, 346 (4th Cir. 1982).

- 4 -

(1984); *see also Tazewell Supply Co. v. Turner*, 213 Va. 93, 96, 189 S.E.2d 347, 349–50 (1972); *Culpepper v. Neff,* 204 Va. 800, 804–05, 134 S.E.2d 315, 318–19 (1964); *Gall v. Tea Company*, 202 Va. 835, 837, 120 S.E.2d 378, 380 (1961).

Defendants argue vigorously that there is no dispute the spill is an open and obvious condition. Defendants highlight statements in Ms. Robinson's deposition, in which she stated that, after falling, she was able to see the liquid and that nothing hid the liquid from her view. Robinson Dep. 72–73. Defendants also stress Ms. Robinson's reply of "I guess" in response to the question, "[I]f you had been looking at the floor looking for this liquid, would you have been able to see it?" Defendants contend that Ms. Robinson's response amounts to an admission that the spill was open and obvious. I do not agree.

Ms. Robinson's uncertain, conjectural reply hardly amounts to an admission that, had she been looking at the floor, she would certainly have seen the spill. To the contrary, Ms. Robinson stated that the liquid "[l]ooked like the same color of the floor really." Robinson Dep. 70–71. From this fact, a jury could reasonably find that, even if Ms. Robinson had been looking at the floor, she would not have been able to see the liquid because it blended with the floor, obscuring it from view. Far from a damming admission, a jury could, considering Ms. Robinson's testimony as a whole, view her response as nothing more than idle speculation.

Defendants also rely heavily on *Newcomb v. Food Lion*, No. 95-3044, 1996 WL 469902 (4th Cir. 1996) (unpublished). In *Newcomb*, the plaintiff, on a rainy day, slipped at the entrance of a Food Lion store. *Id.* at *1. The district court granted summary judgment to Food Lion, finding that the "wet floor was sufficiently open and obvious" as a matter of law. *Id.* at *2. The Fourth Circuit affirmed. Defendants argue that, by analogy, if puddled rain—a clear, transparent liquid—is sufficiently open and obvious, then surely any puddled liquid on the floor must be

open and obvious. Thus, Defendants argue, even if the liquid was the same color as the floor, it would be no more obscure than puddled rain.

Defendants misread *Newcomb*. In *Newcomb*, the Fourth Circuit held that: "As a matter of law, the Plaintiff should have been guard for a wet floor, *evinced by footprints, on a rainy day in an area directly inside the entrance of the store*." *Id.* at 2 (emphasis added). While it may be true that rain is no more visible than a beige liquid on a beige floor, it was the presence of external factors—that it was raining, that wet footprints led to the entrance of the store, and that plaintiff was approaching the entrance—that should have alerted the plaintiff in *Newcomb* to the hazard. Here, no such factors exist. It is natural to expect that the entrance of a store will be slippery on a rainy day. Our Plaintiff, however, had no reason to expect that a liquid would be in the floor near the self-checkout area.³ Aside from the contested allegation that Plaintiff was verbally warned by Kroger employees about the spill, Defendants have pointed to no external factors that would have put Plaintiff on notice of the spill. *Newcomb* thus is not controlling.

A reasonable jury could find that a beige liquid canvassed against a beige floor is not open and obvious to a reasonably prudent person. For the above reasons, I find that a genuine dispute of material fact exists as to whether the spill was open and obvious.

2.  BREACH OF DUTY

In Virginia, "[p]remises owners owe a duty to exercise ordinary care toward invitees on the premises." *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182, 396 S.E.2d 649, 650 (1990). Discharging the duty requires stores:

> [T]o have the premises in a reasonably safe condition for [a customer's] visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had

---

³ There is a dispute whether Plaintiff was verbally warned about the spill. Whether she was so warned is, of course, a jury question.

- 6 -

placed there; to warn the plaintiff of the unsafe condition if it was unknown to her, but was, or should have been, known to the defendant.

*Colonial Stores v. Pulley*, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962); *see also Tea Co. v. Rosenberger*, 203 Va. 378, 124 S.E.2d 26 (1962); *Gall v. Tea Co.*, 202 Va. 835, 837, 120 S.E.2d 378 (1961); *Gottlieb v. Andrus*, 200 Va. 114, 117, 104 S.E.2d 743 (1958).

Stores are "[not] required to remove the foreign substance in less time than ordinarily required for such a task." *Great Atlantic & Pac. Tea Co. v. Rosenberger*, 203 Va. 378, 380 (1962). Generally, the issue of whether a store comported with its duty is "to be decided by a fact finder" and should be decided as a matter of law "[o]nly when reasonable minds could not differ." *Kimberlin v. PM Trans., Inc.*, 264 Va. 261, 266 (2002) (citations omitted); *see also Wiley v. Wegmans Food Mkts., Inc.*, Civil No. 1:14-cv-235, 2014 WL 7359717 (E.D. Va. Dec. 24, 2014).

Defendants argue that no reasonable jury could find that they breached their duty of ordinary care owed to Ms. Robinson. In *Wiley v. Wegmans*, cited *supra*, the Eastern District of Virginia granted summary judgment in a slip-and-fall case where "[t]he plaintiff slipped and fell . . . approximately two to three minutes after the spill occurred." Defs.' Mem. Supp. 9. Here, Ms. Robinson slipped "sixty-five seconds from the time of the spill and only thirty-seven seconds from the time Kroger was notified." *Id.* Defendants conclude that "no matter how the timing is examined, it is a much smaller amount than in *Wiley*, where the plaintiff fell two to three minutes after the spill occurred." *Id.* at 10.

Defendants evidently seek to establish that, as a matter of law, a store cannot breach its duty of care so long as a customer falls within two to three minutes of a spill. This argument flies in the face of precedent, and is defeated by *Wiley*, the very case on which Plaintiff relies. First, it is clear that in Virginia, a negligence-breach analysis does not incorporate mechanical, inflexible

rules of the sort Defendants suggest. Rather, the inquiry is whether, under all of the circumstances, the defendant acted reasonably. *See, e.g.*, *Winn-Dixie Stores*, 240 Va. 183; *Colonial Stores*, 203 Va. 537. While the amount of time it took a defendant to respond is relevant, it is but one factor. That Ms. Robinson slipped approximately one-minute after the spill occured is not dispositive.

Second, the *Wiley* court did not treat the amount of time between the spill and the plaintiff's fall as outcome determinative. Rather, the court emphasized that, soon after the spill:

> [O]ne employee placed a warning cone on the area while another employee began to wipe the spill . . . [T]wo minutes later, a maintenance worker arrived with a cart of cleaning tools to mop the spill. Thus, *there were two levels of response to the spill within three to four minutes of its occurrence*: (1) the two employees who wiped the area and placed a warning cone over it; and (2) the maintenance worker who performed a more thorough cleaning.

*Wiley*, 2014 WL 7359717, at *4 (emphasis added). Rather than focusing only on the time it took the store to respond, the court considered whether the store's response was reasonable, considering all of the circumstances, including the time in which the store had to respond to the spill. Contrary to Defendants' suggestion, *Wiley* does not stand for the proposition that, as a matter of law, no reasonable jury could find a store negligent so long as they responded to the spill within two to three minutes.

A genuine dispute of material fact exists as to whether Defendants' acted reasonably in response to the spill. Unlike in *Wiley*, there is no suggestion that Defendants placed a warning cone immediately after the spill occurred, or that employees began to wipe up the spill immediately. The parties dispute whether Defendants took any steps to warn customers of the spill. Whether Defendants response was reasonable is, therefore, a jury issue.

    3.     Proximate Causation

- 8 -

In Virginia, a plaintiff who alleges negligence must show how and why the accident happened. *See Murphy v. Saunders, Inc.*, 202 Va. 913, 917, 121 S.E.2d 375, 378 (1961); *Pepsi-Cola Bottling Company v. Yates*, 207 Va. 534, 151 S.E.2d 400 (1966). Specifically, a claim for negligence is actionable only where the specific alleged negligence is the proximate cause of an injury. *Roll-R-Way Rinks v. Smith*, 218 Va. 321, 329, 237 S.E.2d 157, 162 (1977). In a premise liability case, the plaintiff must produce evidence that the unsafe condition of which she complains was the proximate cause of her injury. *Cannon v. Clarke,* 209 Va. 708, 711, 167 S.E.2d 352, 354 (1969).

Because Plaintiff did not see the liquid, and therefore cannot say with ultimate certainty that she slipped on it, Defendants argue that, as a matter of law, Plaintiff has failed to create a jury issue as to proximate causation. I disagree. Sufficient evidence has been submitted to raise a jury question on the issue of proximate causation. *See Fobbs v. Webb Bldg. Ltd. Partnership*, 232 Va. 227, 231, 349 S.E.2d 355, 358 (1986).

The Supreme Court of Virginia has held that "[o]bviously, facts need not be proved by direct evidence, but instead, may be established by circumstantial evidence." *Fobbs*, 232 Va. at 230. *Fobbs* is illustrative. In *Fobbs*, the plaintiff slipped and fell while entering an elevator. Occupants of the building had tracked in water from a rainstorm, creating slippery conditions. *Id.* at 228. The plaintiff testified that "as she made one or two steps to g[et] into the elevator . . . [her] foot went from under [her] and [she] just went down." *Id.* at 228. The plaintiff further testified that "she stepped on something which was very slippery, but she did not know what it was." *Id.* The trial court set aside the jury verdict in favor of the plaintiff. On appeal, the defendant contended that plaintiff "failed to produce direct evidence of what caused her to fall or any evidence whatsoever that the condition of the floor was unsafe, dangerous or hazardous and

- 9 -

Case 6:14-cv-00046-NKM-RSB   Document 30   Filed 10/08/15   Page 9 of 13   Pageid#: 608

that this condition proximately caused her injuries." *Id.* at 230. In overruling this objection, the Supreme Court of Virginia held that "[a]lthough [the plaintiff] could not say what caused her fall, she did testify that she 'stepped on something which was very slippery.'" *Id.* at 231. In addition, the Court noted that "[o]ther witnesses testified that both before and after she fell, they observed water on the terrazzo floor in the vicinity of her fall." *Id.*

As in *Fobbs*, Ms. Robinson testified that, as she was going to the self-checkout area, her feet slid out from under her and her right side and knee hit the floor. Robinson Dep. 72. Ms. Robinson testified in her deposition that, immediately after the fall, she noticed liquid on the floor. *Id.* In addition to her own testimony, two Kroger employees, Whitney Gray and Timothy Pannell, testified in their deposition that they "observed the water on the . . . floor in the vicinity of her fall." *Fobbs*, 232 Va. at 231; Gray Dep. 10; Pannell Dep. 10. There is, therefore, sufficient evidence from which a reasonable jury could conclude that Ms. Robinson slipped on the water.

The two cases relied on by Defendants are distinguishable. First, Defendants rely on *Kendrick v. Vaz, Inc.*, 244 Va. 380, 421 S.E.2d 447 (1992). In *Kendrick*, the Plaintiff fell and broke her ankle while pushing her children on a merry-go-round. *Id.* at 382. Plaintiff testified that she stepped in a hole on the playground causing her to fall and injure her ankle. *Id.* The Plaintiff testified on direct examination, however, that "I didn't feel a rut or a hole in the ground." *Id.* at 384. Armed with this and other inconsistencies in her testimony, the Supreme Court of Virginia held that, given the lack of competent evidence regarding the unsafe condition, any inference as to what caused plaintiff's fall would be speculation. *Id.* at 385. This is, however, not our case. Here, the record proves that a liquid substance was on the ground. Gray Dep. 10; Pannell Dep. 10. Unlike in *Kendrick*, there is direct evidence that a hazardous condition existed

at the time of Plaintiff's injury. Furthermore, Defendants have not suggested that Ms. Robinson's statements are inconsistent. A jury could find that Ms. Robinson slipped on the liquid without having to engage in speculation and conjecture.

Second, Defendants rely on *Wyche v. Crown Cent. Petroleum Corp.*, No. 92-2538, 1994 WL 542851 (4th Cir. Oct. 5, 1994) (unpublished). In *Wyche*, the plaintiff pulled up to a gas station pump, opened her door, and placed her left foot onto the concrete. *Id.* at *1. As she swung her right foot out of the car and onto the concrete, the plaintiff slipped and fell, sustaining injuries to her back. *Id.* Although she testified by deposition that she slipped on oil, the Plaintiff testified at trial that "she was unsure whether she slipped on transmission fluid, rainwater, gasoline, or her own two feet." *Id.* Due to this inconsistency, the Court held that "any jury verdict in [the Plaintiff's] favor would have been impermissibly based on speculation and conjecture." *Id.* Once again, that is not our case. As noted above, nothing suggests that Ms. Robinson or any other witness has provided such inconsistent testimony to raise this case to the level of speculation and conjecture as *Wyche*.

There exists, therefore, a jury issue as to proximate causation. Ms. Robinson's testimony and the testimony of Whitney Gray and Timothy Pannell create a genuine issue of fact as to causation. *See Fobbs,* 232 Va. at 231; Gray Dep. 10; Pannell Dep. 10. Furthermore, without inconsistent testimony, as found in *Kendrick* and *Wyche*, a jury should be given the opportunity to determine the issue of proximate cause.

### B. DISPUTES OF MATERIAL FACT EXIST AS TO WHETHER PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT

Additionally, Defendants argue that Plaintiff was contributorily negligent and therefore is barred from seeking damages. In Virginia, contributory negligence is a complete bar to recovery

- 11 -

for injuries caused in part by the negligence of another. *See Baker v. Butterworth*, 119 Va. 402, 402, 89 S.E. 849, 849–50 (1916); *see also Flakne v. Chesapeake & Potomac Tel. Co. of Va.*, 199 Va. 31, 34, 97 S.E.2d 650, 652 (1957) ("One cannot charge another in damages for negligently injuring him when his own failure to exercise due and reasonable care was responsible for the occurrence of which he complains.").

Defendants rest their argument on the premise that Ms. Robinson was injured because she failed to avoid an open and obvious condition. In Virginia, a person who falls because of an open and obvious condition or defect "is guilty of contributory negligence as a matter of law." *Scott v. City of Lynchburg*, 241 Va. 64, 66, 399 S.E.2d 809, 810 (1991).[4] For instance, Virginia courts have found plaintiffs contributorily negligent as a matter of law when they fell because of open and obvious hazards in store aisles. *See, e.g.*, *Tazewell Supply Company, Inc., T/A/ A-Mart v. Virginia Belle Turner*, 213 Va. 93, 94, 189 S.E.2d 347, 348 (1972); *Gottlieb v. Andrus*, 200 Va. 114, 115, 104 S.E.2d 743, 744 (1958). But "[w]hether a condition or defect is open and obvious may be, under certain circumstances, a jury issue." *Scott*, 241 Va. at 66 (citing *Crocker v. WTAR Radio Corp.*, 194 Va. 572, 74 S.E.2d 51 (1953)).

As discussed, *supra*, material disputes of fact remain as to whether the spill was an open and obvious condition. Whether Plaintiff was contributorily negligent is, therefore, a question for the jury.

---

[4] To prove contributory negligence, a defendant must show both that the plaintiff was negligent and that the plaintiff's negligence was the proximate cause of the plaintiff's injury. *Rascher v. Friend*, 279 Va. 370, 375, 689 S.E.2d 661, 664–65 (2010). "The issue whether a plaintiff is guilty of contributory negligence is ordinarily a question of fact to be decided by the fact finder. The issue becomes one of law for the . . . court to decide only when reasonable minds could not differ about what conclusion could be drawn from the evidence." *Jenkins v. Pyle*, 269 Va. 383, 389, 611 S.E.2d 404, 407 (2005).

## IV. CONCLUSION

For the aforementioned reasons, Defendants' motion for summary judgment will be denied. An appropriate order will accompany this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this ___8th___ day of October, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

- 13 -

Case 6:14-cv-00046-NKM-RSB   Document 30   Filed 10/08/15   Page 13 of 13   Pageid#: 612